### REBECCA A. TICE v. MOSES E. REEVES.

In a suit by the mother against the father for the support of their child, it is incompetent for the mother to prove that the father has made parol admissions that they have been divorced.

On case certified from the Essex Circuit.

The plaintiff brought her suit against the defendant for the support and maintenance which the plaintiff, as mother, had provided for their child. Some time after marriage the parties separated, and plaintiff married a second time to a man named Tice, who died some three years before the suit was brought. After his death, the child was supported entirely by the plaintiff. The defendant refused to contribute to the support, alleging, as a reason, that the child was not his, having been born six months only after the marriage.

On the trial, there was a verdict for the plaintiff, subject to the opinion of the court at bar on several questions, which were duly certified. The principal one was as to the admission of parol evidence, offered on the part of the plaintiff to prove the admission of defendant that he had been divorced from the plaintiff. This evidence was admitted by the court, and there was a verdict for the plaintiff. It was now insisted that the evidence was incompetent.

For the plaintiff, *C. Parker*.

For the defendant, *O. S. Halsted*.

VREDENBURGH, J. The plaintiff was married to the defendant at Newark, in this state, on the 15th November, 1849, and six months afterwards had a child. The plaintiff was again married, six or seven years ago, to one Tice, who died about three years ago, and since his death the plaintiff has always supported the child. About two years ago, the plaintiff applied to the defendant to pay the board of the

child, who refused because, as he said, the child was not his. One of the plaintiff's witnesses was asked, has the defendant ever admitted to you that he had been divorced from the plaintiff? which, being objected to, was admitted by the court, and the witness answered that he had often, and that the defendant was now married to another woman.

The first question certified is, whether this question and answer were legal?

It is clear that, unless divorced, the wife could not bring this suit against the husband; she could only bring it upon the assumption that the relation of husband and wife did not exist at the time of the institution of the suit. This is sought to be proved by a parol admission by him, that they had been divorced. The fact stated by the witness, that the defendant had married again, may prove bigamy, but cannot prove divorce. The question therefore rests upon the competency of the question, "Has the defendant ever admitted to you that he has been divorced from the plaintiff," and the answer, "He has often."

It appears to me that the question is incompetent. In the first place, it is not specific enough. It does not specify whether it was a *divorce a mensa et thoro*, or *a vinculo matrimonii*, and therefore the answer can prove nothing. How can we infer from the question and answer the one more than the other, and yet both are equally recognized by our laws.

But again, even if the question had been asked specifically, if the defendant had admitted he had been divorced *a vinculo matrimonii*, it was incompetent to prove it by parol. The plaintiff was married in 1849. The presumption is, if divorced at all, it was by the authorities of this state, there being no proof or admission that it was done anywhere else. Since 1849, it could only be by decree in Chancery, and the best evidence of that is the decree itself, or a duly certified copy of it. It would be utterly inadmissible to prove the contents of such decree by parol. By the terms of the statute, *Nix. Dig.* 224, § 9, the Court of Chancery may take such order touching the care and maintenance of the children by the

husband as may be reasonable and just; and so this very question may have been adjudicated by the proper tribunal. Is this all to be a matter resting on parol proof, when the record evidence is within reach?

The presumption, in the absence of all proof to the contrary, is that if there was a divorce at all, it must have been made in our Court of Chancery, and that the Chancellor regulated and provided in the decree for the proper support of this child by the husband, and the remedy, if any, is upon the decree itself.

The principle recognized in sections 96 and 97 of *Greenleaf's Evidence,* to which we are referred, is quite different from this.

This result makes it unnecessary to examine the other questions raised. The verdict below should be set aside.

OGDEN and BROWN, Justices, concurred.